IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROGELIO GUZMAN and MARIA G. GUTIERREZ,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CENTRAL PACIFIC HOME LOANS, INC., BAC HOME LOANS SERVICING, LP, BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Defendants. | CIVIL NO. 11-00126 LEK-BMK |

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court are: Defendants BAC Home Loans Servicing, LP ("BAC"), Bank of America, N.A. ("BOA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association's ("FNMA") (collectively, "Moving Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"), filed on May 25, 2011, and Defendant Central Pacific Homeloans, Inc.'s ("CPH") joinder in the Motion ("Joinder"), filed on June 9, 2011.[1]  Plaintiffs Rogelio Guzman and Maria G. Gutierrez (collectively, "Plaintiffs") did not respond to the Motion.  On June 8, 2011, the Court found that

---

[1] Unless otherwise noted, BAC, BOA, MERS, FNMA, and CPH are collectively referred to as "Defendants".

this matter was suitable for disposition without a hearing pursuant to Rule LR7.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

On June 16, 2011, the Court issued its Order to Show Cause ("OSC") ordering Plaintiffs' counsel to show cause, if any, why Plaintiffs' First Amended Complaint should not be dismissed with prejudice for failure to prosecute. Plaintiffs filed their response on June 17, 2011. The Moving Defendants and CPH filed their replies on July 6, 2011. This matter came on for hearing on July 13, 2011. Appearing on behalf of Plaintiffs was James Fossbinder, Esq. Shyla Cockett, Esq., appeared on behalf of the Moving Defendants, and William Harstad, Esq., appeared on behalf of CPH. After careful consideration of the parties' submissions and the relevant legal authority, the Moving Defendants' Motion and CPH's Joinder are HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

I. **Factual History**

On February 26, 2008, Plaintiffs obtained a mortgage loan for $229,500.00 from CPH ("Mortgage")[2] secured by property located at 3676 Lower Honoapiilani Road, C103, Lahaina, Hawai`i

---

[2] The Mortgage is attached to Plaintiffs' First Amended Complaint as Exhibit 1. [Dkt. no. 13-1.]

2

96761 ("the Property"). [First Amended Complaint at ¶¶ 5, 48; Mortgage at 3.] On March 4, 2008, CPH recorded the Mortgage in the Bureau of Conveyances, State of Hawai`i, as document number 2008-032561. [First Amended Complaint at ¶ 5; Mortgage at 1.]

In mid-2009, Plaintiffs began experiencing financial hardship and sought a loan modification from "[BOA] and/or BAC[.]" [First Amended Complaint at ¶ 79.] Plaintiffs allege that, due to BAC's failure to "negotiate the loan modification in good faith," they were unable to obtain a timely modification prior to foreclosure. [Id. at ¶¶ 82-83.] In October 2009, Plaintiffs stopped making payments on their Mortgage. [Id. at ¶ 79.]

Sometime during June 2010, Plaintiffs allege that either BOA or BAC informed them by letter that the Property would be sold at a foreclosure auction on June 15, 2010.[3] Plaintiffs claim that they were subsequently advised that the auction had been rescheduled but that they were never informed of the new

---

[3] According to the Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale ("Foreclosure Affidavit"), recorded on June 30, 2010 as document number 2010-091757 in the Bureau of Conveyances and attached to the First Amended Complaint as Exhibit 3, [dkt. no. 13-3,] BAC posted a copy of its Notice of Mortgagee's Intention to Foreclose Under Power of Sale on the Property not less than twenty-one days before the public auction sale on June 15, 2010. [Id. at 2-3.] BAC also claims to have notified "[b]y certified mail or personal service . . . all parties who have recorded encumbrances, liens and/or other claims which have attached against the [Property]" of its intention to foreclose. [Id. at 2.]

3

auction date.[4]  [Id. at ¶ 87.]  According to the Foreclosure Affidavit, BAC purchased the Property for $187,718.15 at a public foreclosure auction held on June 15, 2010.  [Foreclosure Affidavit at 1, 3.]  Plaintiffs allege that, in "approximately July or August of 2010", an unknown person gave them notice that FNMA owned the Property.  [First Amended Complaint at ¶ 89.]

On August 17, 2010, BAC, acting as a subsidiary of BOA, approved a loan modification on the Mortgage.  [Id. at ¶ 90; Loan Modification Agreement at 1.[5]]  Plaintiffs contend that BAC "purposefully drew out the modification process so that Plaintiffs inevitably ended up in foreclosure."  [First Amended Complaint at ¶ 93.]

In a letter dated September 8, 2010, BOA Customer Advocate Karen R. Hill informed Plaintiffs that, *inter alia*, according to their records, Plaintiffs declined BAC's August 2010 loan modification offer and "the foreclosure [on the Property] was rescinded through August 23, 2010."  [Letter dated 9/8/10 to Plaintiffs from Karen R. Hill ("BOA Letter") at 2;[6] First Amended

---

[4] Plaintiffs claim that, although BAC's counsel "swears under oath [that notice] was sent by certified mail or personal service to the Plaintiffs[,]" there is no record of said notice. [First Amended Complaint at ¶ 88.]

[5] The Loan Modification Agreement is attached to the First Amended Complaint as Exhibit 4.  [Dkt. no. 13-4.]

[6] The BOA Letter is attached to the First Amended Complaint as Exhibit 5.  [Dkt. no. 13-5.]

4

Complaint at ¶ 91.] Ms. Hill advised Plaintiffs to contact BOA's Home Retention Division to discuss the options available to save their Property. [BOA Letter at 2.]

On January 21, 2011, Plaintiffs allegedly received a letter from "the law office RCO, informing them that they had ten days to vacate the Subject Property because it had been sold in a non-judicial foreclosure to FMNA." [First Amended Complaint at ¶ 92.]

## II. Procedural History

On March 1, 2011, Plaintiffs filed their Complaint against Defendants.[7] On April 20, 2011, the Moving Defendants filed their Motion to Dismiss Plaintiffs' Complaint. [Dkt. no. 9.] The Court set the Motion to Dismiss for hearing on June 27, 2011. CPH filed an answer to the Complaint on May 3, 2011. [Dkt. no. 11.]

On May 11, 2011, Plaintiffs filed their First Amended Complaint against Defendants. [Dkt. no. 13.] The First Amended Complaint asserts the following counts: (1) Declaratory Relief (Against MERS, BAC, and FNMA) (Count I); (2) Unfair and Deceptive Acts and Practices (Against BAC and BOA) (Count II); (3) Slander of Title (Against BAC and MERS) (Count III); (4) Violation of

---

[7] Plaintiffs mistakenly identified CPH as "Central Pacific Home Loans, Inc." and MERS as "Mortgage Electronic Registration System, Inc." in the captions of their Complaint and First Amended Complaint.

Federal and Hawai`i Antitrust Statutes (Against All Defendants) (Count IV); and (5) Intentional Infliction of Emotional Distress (Against BAC) (Count V).

On May 25, 2011, the Moving Defendants filed the instant Motion, [dkt. no. 21,] which seeks the dismissal with prejudice of Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted. [Motion at 1.] The Court set the Motion for hearing on June 27, 2011. CPH filed an answer to the First Amended Complaint on May 31, 2011. [Dkt. no. 23.]

On June 1, 2011, the Court issued its Order Regarding Defendants' Motion to Dismiss Plaintiffs' Complaint, [dkt. no. 24,] finding that Plaintiffs' Complaint, filed on March 1, 2011, had been superceded by their First Amended Complaint, filed on May 11, 2011. The Court denied as moot the Moving Defendants' Motion to Dismiss Plaintiffs' Complaint, filed on April 20, 2011, and vacated the hearing on said motion. The Court informed the parties that the hearing on the instant Motion would proceed as scheduled on June 27, 2011. [Id. at 1-2.]

On June 8, 2011, the Court issued its Inclination and Order Regarding Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Complaint, [dkt. no. 25,] finding that Plaintiffs failed to file a response to the Motion by June 6, 2011 pursuant to Local Rule 7.4 and vacating the hearing on the

6

Motion pursuant to Local Rule 7.2(d).

On June 9, 2011, CPH filed its Joinder, [dkt. no. 26,] joining the Moving Defendants in simple agreement with the relief sought in the Motion. [Id. at 2.]

On June 16, 2011, the Court issued its OSC ordering Plaintiffs' counsel to appear before the Court on July 13, 2011 to show good cause, if any, why Plaintiffs' First Amended Complaint should not be dismissed with prejudice for failure to prosecute. [Dkt. no. 28.] The Court informed Plaintiffs that they had until June 29, 2011 to file a written response to the OSC. The Court informed Defendants that they had until July 6, 2011 to file an optional reply. [Id. at 3.]

Also on June 16, 2011, Plaintiffs filed their "Notice of Dismissal (Without Prejudice)" ("Notice of Dismissal"). [Dkt. no. 29.] Plaintiffs informed the Court that they were voluntarily dismissing the case without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. [Id. at 1.]

On June 17, 2011, the Court issued an order regarding the Notice of Dismissal ("Order Regarding Notice of Dismissal"). [Dkt. no. 31.] The Court informed Plaintiffs that, since CPH had already filed an answer to Plaintiffs' First Amended Complaint and the parties did not stipulate to the First Amended Complaint's dismissal, the Notice of Dismissal was invalid and

without effect pursuant to Rule 41(a)(1)(A).  [Id. at 2.]

III. **Plaintiffs' Response to the OSC**

Also on June 17, 2011, Plaintiffs filed their "Written Statement to Judge Susan O. Mollway's Order to Show Cause" ("Written Statement").  [Dkt. no. 30.]  The majority of the Written Statement, paragraphs one through five, recites the procedural history of the case.  [Id. at 1-2.]  The remainder of the Written Statement, paragraphs six through eight, states:

> 6.  The first opportunity for Plaintiffs and counsel, James H. Fosbinder to meet regarding voluntarily dismissing this action was on June 6, 2011, the date Plaintiffs' opposition was due.
> 7.  After consent by Plaintiffs, a voluntary dismissal was filed on June 16, 2011, the same date Judge Mollway's Order to Show Cause was filed.
> 8.  Plaintiffs respectfully request this Court's permission to enter their Notice of Dismissal, without prejudice, in the above-cause of action.

[Id. at 2-3.]  Plaintiffs failed to address the issue of whether their First Amended Complaint should be dismissed with prejudice for failure to prosecute.

IV. **CPH's Reply**

On July 6, 2011, CPH filed an optional reply to the OSC.  [Dkt. no. 33.]  CPH claims that the history of this case indicates that Plaintiffs have no interest in taking it to judgment.  [Id. at 3 (citation omitted).]  Further, CPH contends that "Plaintiffs' Written Statement provides nothing against dismissing Plaintiffs' First Amended Complaint for failure to

8

prosecute[,]" and thus "confirms that Plaintiffs and their counsel have no intent to prosecute this lawsuit." [Id. at 3-4 (citation omitted).]

CPH contends that, over the past four months, CPH and its attorneys

> have expended significant time and resources defending Plaintiffs' claims, including without limitation: investigating Plaintiffs' claims in the initial Complaint; preparing and filing the Answer to the Complaint; reviewing the Moving Defendants' moving papers and other submissions; preparing [CPH's] Rule 16 Scheduling Conference Statement and attending the Scheduling Conference; reviewing the claims in the First Amended Complaint; preparing and filing the Answer to the First Amended Complaint; and addressing the various issues raised by Plaintiffs' failure to prosecute and the Order to Show Cause.

[Id. at 4 (footnote omitted).] CPH argues that, at this stage in the litigation, "Plaintiffs and/or their counsel should not be afforded the opportunity to simply re-start the litigation process all over again, as might be the case if their claims are dismissed without prejudice." [Id.]

## V. The Moving Defendants' Reply

Also on July 6, 2011, the Moving Defendants filed an optional reply to the OSC. [Dkt. no. 34.] The Moving Defendants request that the Court involuntarily dismiss this case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs have failed to prosecute it. [Id. at 2.] They contend that all of the applicable factors - "'(1)

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions'" - weigh in favor of dismissal. [Id. at 4 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).]

**STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to *sua sponte* involuntarily dismiss an action for failure to prosecute. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute" (citation omitted)); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted) (recognizing the inherent power of courts to *sua sponte* dismiss a case under Rule 41(b) for lack of prosecution). Rule 41(b) provides, in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute: "(1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal). Dismissal is proper "where at least four factors support dismissal, or where at least three factors strongly support dismissal[.]" Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Expeditious Resolution and Need to Manage Docket

With respect to the first two factors, the Court observes that Plaintiffs have already filed two complaints against Defendants, both of which were opposed by timely motions to dismiss. Plaintiffs failed to respond to either of these motions. A dismissal without prejudice at this point in the litigation would undermine Defendants' and the public's interest

11

in the expeditious resolution of this action.  See <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").  The Court also has a strong interest in allocating its scarce judicial resources to cases in which all parties are actively litigating their cases and following the applicable rules.  See <u>Pagtalunan</u>, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]" (citation omitted)); <u>Ferdik</u>, 963 F.2d at 1261 (stating the same principle).  As a result, the Court FINDS that the first and second factors weigh strongly in favor of dismissal.

**II.  <u>Prejudice to Defendants</u>**

With respect to the third factor, the Court observes that Defendants have expended significant time, money, and resources responding to two different complaints and filing two different motions, both of which went unopposed.  Plaintiffs failed to account for their inaction in their Written Statement.  They offered no explanation, moreover, as to why their case should not be dismissed with prejudice.  The Court finds that Plaintiffs' dilatory conduct has caused an unreasonable delay, which, under Ninth Circuit precedent, is presumed to be prejudicial.  See, e.g., <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . .

12

presumes prejudice from unreasonable delay." (citations omitted)); see also Pagtalunan, 291 F.3d at 643 (finding that the plaintiff's failure to account for his inaction supported a finding of unreasonable delay). As a result, the Court FINDS that the third factor also weighs strongly in favor of dismissal.

### III. **Availability of Less Drastic Alternatives**

The fourth factor requires courts to consider less drastic alternatives to dismissal with prejudice. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1229 (describing the fourth factor as "the 'consideration of alternatives' requirement" (citations omitted)). Less drastic sanctions include

> a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the courts, . . . dismissal of the suit unless new counsel is secured . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . .

Id. at 1228 n.5 (alterations in original) (citations and internal quotation marks omitted). Providing a party with another chance following a failure to comply with a court order is also considered a less drastic sanction, "albeit a lenient one." Id. (citation omitted). "[F]or the prior implementation of a lesser sanction to be a persuasive factor, it must have occurred after the plaintiff's violation of a court order." Id. at 1229 (citations omitted).

13

After Plaintiffs failed to respond to the Motion, the Court ordered them "to show good cause, if any, why their First Amended Complaint should not be dismissed with prejudice for failure to prosecute." [OSC at 3.] The OSC warned Plaintiffs in clear terms that, pursuant to Rule 41(b), a failure to prosecute or comply with the Federal Rules of Civil Procedure or the Court's orders could result in an involuntary dismissal. [Id.] Plaintiffs then filed their request for voluntary dismissal without prejudice – an option that was no longer available. [Order Regarding Notice of Dismissal at 2.] Then, rather than show good cause why their First Amended Complaint should not be dismissed with prejudice, Plaintiffs filed a document that merely recited the procedural history of this action. [Written Statement at 1-3.] The Court notes, moreover, that at no time did Plaintiffs request an extension of time to respond to the Motion or ask Defendants to stipulate to an extension or to dismissal without prejudice.

Less drastic alternatives certainly exist and this Court has considered such alternatives. However, in light of Plaintiffs' dilatory conduct, their disregard for Rule 41(a)(1), and their failure to raise any argument in the Written Statement why the case should not be dismissed with prejudice, which essentially wasted the opportunity afforded to Plaintiffs by way of the OSC, the Court finds that alternative sanctions are not

14

likely to advance the case's prosecution fairly nor would these alternatives be suitable. Accordingly, the Court FINDS that the fourth factor weighs in favor of dismissal.

**IV. Public Policy**

The Court recognizes the importance of giving due weight to the fifth factor - the public policy favoring disposition of cases on the merits. See <u>Dreith v. Nu Image, Inc.</u>, --- F.3d ----, No. 10-55172, 2011 WL 2811226, at *8 (9th Cir. July 19, 2011) (observing that the public policy favoring "resolution of cases on their merits . . . always weighs against dismissal" (citation omitted)). The Court nonetheless FINDS that this factor is outweighed by the other four factors, which all support dismissal. Accordingly, the Court DISMISSES Plaintiffs' First Amended Complaint WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, the Moving Defendants' Motion, filed on May 25, 2011, and CPH's Joinder, filed on June 9, 2011, are HEREBY GRANTED. Plaintiffs' First Amended Complaint is HEREBY DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2011.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROGELIO GUZMAN, ET AL. V. CENTRAL PACIFIC HOME LOAN INC., ET AL; CIVIL NO. 11-00126 LEK-BMK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**